UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WEBSTER, #443861,

        Plaintiff,

v,                                        CASE NO. 2:23-CV-10704
                                        HONORABLE NANCY G. EDMUNDS

MICHIGAN DEP'T OF CORR., et al.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

I.

Michigan prisoner Mark Webster ("Plaintiff"), confined at the Gus Harrison Correctional Facility ("ARF") in Adrian, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act. The Court has granted him leave to proceed without prepayment of the filing fee for this action. In his complaint, Plaintiff raises claims concerning his confinement at the Macomb Correctional Facility ("MRF") and ARF. With respect to MRF, he raises claims concerning his physical and mental healthcare (e.g. an allergic reaction, care after sexual and physical assaults, a head injury, suicidal actions), the failure to protect him from sexual assault by another prisoner, physical assault and excessive force by corrections officers, the handling of his personal property, the duration and conditions of his confinement in segregation (e.g., placement in dirty cells without cleaning supplies, the lack of clean clothes and hygiene times), his inability to file a PREA complaint and grievances, his accommodations based upon his disability, false misconducts and

retaliation. He names the Michigan Department of Corrections ("MDOC"), MRF, MRF employees Montgomery, Freeman, McBride, McNeal, Jennifer Palmer, Kennard, Greason, Dobbins, Ford, Saff Danielle Magnuson, Herbert, Kanteh, Simmet, Stephenson, McGinnis, and Diop and ARF employees Kalisek and Ebert as the defendants in this action. He names the MDOC and MRF in their official capacities and the other defendants in their individual and official capacities. He seeks monetary damages and other appropriate relief.

Having reviewed the matter and for the reasons stated herein, the Court dismisses the complaint in part pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) based upon misjoinder, failure to state a claim upon which relief may be granted under § 1983, and Eleventh Amendment immunity.

II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in

2

fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of

3

the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). With these standards in mind, the Court concludes that Plaintiff's complaint is subject to summary dismissal in part.

III.

A.

First, Plaintiff's claims against ARF defendants Kalisek and Ebert must be dismissed based upon misjoinder. The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). Nonetheless, Federal Rule of Civil Procedure 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

In this case, the bulk of Plaintiff's complaint involves claims concerning his conditions of confinement at MRF and defendants employed at MRF. His claims against ARF defendants Kalisek and Ebert involve a distinct event, the taking of his shoes, and the resulting medical implications arising from that action – all of which solely occurred at ARF. Consequently, ARF defendants Kalisek and Ebert and the claims against them

4

are improperly joined in this action. Those defendants and the claims against them shall thus be dismissed without prejudice based upon misjoinder.

B.

Second, Plaintiff's claims against MRF must be dismissed. A prison facility or department is not a "person" or legal entity subject to suit under 42 U.S.C. § 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sep. 21, 2016) (ruling that a state prison and its "medical staff" were not subject to suit under § 1983); *Parker v. Michigan Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003); *Bassler v. Saginaw Corr. Facility*, No. 2:19-CV-11202, 2019 WL 2502713, *2 (E.D. Mich. June 17, 2019); *Brooks v. Huron Valley Men's Prison*, No. 2:06-CV-12687, 2006 WL 2423106, *1 (E.D. Mich. Aug. 21, 2006) (citing cases establishing that a prison building is not a "person" subject to suit under § 1983); *see also Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law establishing that governmental departments and agencies are not persons or legal entities subject to suit under § 1983). Consequently, Plaintiff's complaint against MRF must be dismissed as frivolous and/or for failure to state a claim upon which relief may be granted.

C.

Third, Plaintiff is not entitled to relief on claims concerning the handling or loss of his personal property at MRF. The negligent or intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). To maintain a § 1983 action "claiming the deprivation of a property interest without procedural due process of law, the

5

plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Plaintiff neither alleges nor establishes that Michigan's judicial remedies are inadequate or that it would be futile to present his claim in the Michigan state courts. A prisoner may petition the Prisoner Benefit Fund for compensation, MDOC Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013), submit a claim for property loss of less than $1,000 to the State Administrative Board, Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013), and/or bring a tort or contract action in the Court of Claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." Mich. Comp. Laws § 600.6419(1)(a). The United States Court of Appeals for the Sixth Circuit has ruled that Michigan provides adequate post-deprivation remedies for property loss. *See Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 as to this issue.[1]

D.

Fourth, to the extent that Plaintiff asserts that any of the MRF defendants violated his constitutional rights by denying his grievances or failing to properly investigate any of the incidents, he fails to state a claim upon which relief may be granted. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment

---

[1]To the extent that Plaintiff asserts that certain defendants failed to pack his personal property to retaliate against him, such retaliation claims are not subject to dismissal at this time.

6

right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on such a petition. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases).

A failure to investigate another person's alleged constitutional violation also "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, a prison official's purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct. *See Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff thus fails to state a claim upon which relief may be granted against any MRF defendants concerning the denial of his grievances and their investigation of the incidents. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).

E.

Lastly, to the extent that Plaintiff alleges that the defendants violated MDOC policies and procedures and/or state law, such claims must be dismissed. Section 1983 provides a remedy for violations of federal law, not prison policy or state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney v. Farley*, 501 F.3d 577, 580-81 (6th Cir. 2007). Alleged violations of MDOC policy or Michigan law do not rise to the level of a violation or deprivation of a federal constitutional right cognizable under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (ruling that "failing to follow proper procedures is insufficient to establish an infringement of a liberty interest" and citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)); *Laney*, 501 F.3d at 581 n. 2; *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-2347. 1995 WL 236687, *1 (6th Cir. April 21, 1995) (failure to follow MDOC Policy Directive does not rise to the level of a constitutional violation because the Directive does not create a liberty interest protected by the Fourteenth Amendment's Due Process Clause); *Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005) ("the failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation."). Plaintiff's claims alleging violations of MDOC policies or procedures, or violations of Michigan law, fail to state a claim upon which relief may be granted under § 1983.[2]

F.

---

[2] While such allegations may perhaps be actionable under Michigan law, they do not provide a basis for relief in federal court. Consequently, any state law claims are dismissed without prejudice to those claims being brought in state court. The Court declines to exercise pendant jurisdiction over any state law claims.

Sixth, Plaintiff's complaint must also be dismissed, in part, based upon sovereign immunity. Plaintiff sues the MDOC and the defendants, who are MDOC employees, in their official capacities and seeks monetary damages as relief from the Court. The Eleventh Amendment, however, bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to being sued or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The State of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).

Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Because the MDOC and the MDOC employees are sued in their official capacities, they are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545. Plaintiff's claims for monetary damages (or any relief other

9

than prospective injunctive relief) against those defendants in their official capacities must be dismissed.

G.

Lastly, the Court finds that Plaintiff's claims against the remaining defendants concerning his conditions of confinement at MRF, which include his physical and mental healthcare (e.g. an allergic reaction, care after sexual and physical assaults, a head injury, suicidal actions), the failure to protect him from sexual assault by another prisoner, physical assault and excessive force by corrections officers, the duration and conditions of his confinement in segregation (e.g., placement in dirty cells without cleaning supplies, the lack of clean clothes and hygiene times), his inability to file a PREA complaint and grievances, his accommodations based upon his disability, false misconducts and retaliation, are not subject to summary dismissal. While Plaintiff may or may not ultimately prevail on those claims, he has pleaded sufficient facts to state potential claims for relief.

IV.

For the reasons stated, the Court concludes that ARF defendants Kalisek and Ebert and the claims against them are improperly joined in this action, that MRF is not an entity subject to suit, and that Plaintiff fails to state a claim upon which relief may be granted under § 1983 as to his claims concerning the handling/loss of personal property claims and violations of MDOC policy or state law. Accordingly, the Court **DISMISSES** those defendants and those claims from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also concludes that the MDOC and the

MDOC defendants who are sued in their official capacities are entitled to Eleventh Amendment immunity. Accordingly, the Court **DISMISSES** Plaintiff's claims for monetary damages (and any other relief other than prospective injunctive relief) against the MDOC and the MDOC defendants in their official capacities.

Additionally, the Court concludes that Plaintiff's remaining claims against the MRF defendants, as previously set forth, survive the Court's initial screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

s/ Nancy G. Edmunds_____
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:  April 10, 2023